7879

TOWN OF CHERAW v. SEABOARD AIR LINE RY.

1. CITIES AND TOWNS—NUISANCE.—A municipality may bring a civil action to remove a threatened or continued obstruction constituting a nuisance.

2. IBID.—INJUNCTION.—A RAILROAD COMPANY should not be enjoined from maintaining a sidetrack and placing cars thereon in so much of a street as is within a right of way granted to it by the municipality.

3. INJUNCTION.—WHERE THE EXISTENCE OF A NUISANCE is doubtful, the Court should not disturb the *status* until the legal rights of the parties have been determined.

Before WATTS, J., Chesterfield, December, 1910. Reversed.

Action by Town of Cheraw against Seaboard Air Line Railway.   Defendant appeals.

*Messrs. Lyles & Lyles* and *Stevenson & Matheson,* for appellant.   *Mr. Stevenson* cites: *Indictment is remedy for nuisance:* 49 S. C. 130; 1 Hill 365; 30 S. C. 539; 46 S. C. 327; 5 Rich. 590.   *One party cannot bring an action for another who alone is interested:* 6 S. C. 184.   *Property should not be taken from one and put in possession of another by injunction:* 27 S. C. 414; 4 S. C. 402.   *The Atlantic Coast Line has no right to enter town until it has complied with requirements of Railroad Commission:* 139

U. S. 288. *No irrepealable right is obtained against the police power:* Cool. on Con. Lim. 399, 396, 402; 111 U. S. 746; 67 Ill. 37; 88 Ill. 221; 97 U. S. 25; 97 U. S. 659; 101 U. S. 814; 59 N. Y. 92; 168 U. S. 488; 103 Mass. 70; 151 U. S. 556; 170 U. S. 57. *No rights vest under a preliminary order until its terms are complied with:* Cool. Con. Lim. 508; Elliott on R. R., secs. 1081, 1082; 159 Pa. 411; 151 U. S. 556.

*Messrs. Willcox & Willcox* and *W. P. Pollock,* contra. No printed argument.

April 25, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The town of Cheraw authorized an attorney to take such proceeding as was necessary against the Seaboard Air Line Railway to compel it to allow the Atlantic Coast Line Railroad Company to cross its track on Front street; such proceeding to be done "without cost to the town." Accordingly on December 22, 1910, at the time of the commencement of the action by the Atlantic Coast Line Railroad Company against the Seaboard Air Line Railway, with reference to this same crossing, in which the judgment of this Court has just been rendered, the present action was commenced to enjoin defendant from obstructing said Front street by sidetrack across the same, constructed on the 12th and 14th days of November, 1910, alleging that the obstruction rendered the street unfit for the purposes of the street and for the purposes for which a right of way had been granted to the Atlantic Coast Line Railroad Company along said street, alleging, further, that since said time, in order more completely to obstruct said street, defendant placed a car or cars on the said sidetrack so unlawfully constructed, and threatens to continue said obstruction.

A rule to show cause and a temporary restraining order was granted by Judge Watts. Defendant made return on

31—88

December 30, 1910, and first demurred to the complaint as not stating facts sufficient to constitute a cause of action :

(1) In that it only charges an invasion of its right and an obstruction of a public highway, and the only remedy there is by indictment.

(2) In that it appears on the face of the complaint that the purpose of the action is to enforce an alleged right of the Atlantic Coast Line Railroad Company, and is not brought to enforce the rights of the town.

(3) In that if the town has suffered injury peculiar to it, giving it the right to bring an action for an alleged public nuisance, no injunction can be granted till the right which is in dispute is determined by law and no such right is alleged.

The return further states that the plaintiff is not the real party in interest, but the suit is at the expense and for the benefit of the Atlantic Coast Line Railroad Company. The return also states, among other matters, that the construction and use of the sidetrack was not unlawful and was upon its right of way. The right of way here referred to was that granted pursuant to ordinance by the town of Cheraw, October 26, 1886, to the Palmetto Railroad Company, to whose rights defendant succeeded, to build "a railroad with such embankments and cuttings as may be necessary for the construction of a double track railroad through and over the following described right of way across Front street. etc. * * *: *Provided,* That all crossings of any of said streets be so arranged as not to hinder or impede the free use of the same by the public; and if the track or tracks of said railroad do not cross any of above mentioned streets on a level, that the same be so graded as least to interfere with the public travel over said streets."

Counsel have agreed that the record in the case of Atlantic Coast Line Railroad Company against Seaboard Air Line Railway, on appeal from the order of Judge Watts, dated December 30, 1910, and the record in the case

of Seaboard Air Line Railway Company against Atlantic Coast Line Railroad Company, on the appeal from the order of Judge DeVore, dated November 11, 1910, shall be considered as incorporated into this case.

On hearing the return, Judge Watts granted an order enjoining defendant, until final hearing of the case, from in any manner obstructing or interfering with the streets described in the pleadings, "except as to a double track provided for in the deed of plaintiff to the Palmetto Railroad in 1886."

Defendant appeals on exceptions assigning error:

(1) Because the alleged wrong, if anything, is a public nuisance, and the sole remedy is by indictment.

(2) Because there was no *prima facie* showing of injury to plaintiff different from that suffered by the general public.

(3) Because the existence of the alleged nuisance was in dispute and has not been established at law.

(4) Because there was no *prima facie* showing of any unlawful obstruction.

(5) Because it appeared that defendant had acquired the right of way across Front street, wide enough for two railroad tracks, with power to make such cuts and embankments as might be necessary.

(6) Because it appeared that the purpose of the action was to enforce an alleged right of the Atlantic Coast Line Railroad Company and not any right in plaintiff, who was not the real party in interest.

(7) Because the effect of the injunction was to take property in the possession of defendant and place it in the possession of the Atlantic Coast Line Railroad Company, the right to which was in dispute.

(8) Because the status of the property, as it existed on December 22, 1910, when the restraining order was issued, should have been restored.

(9) Because having found that defendant had a right of way across Front street, of a width necessary for two railroad tracks, his Honor should have further held that the construction of the sidetrack was lawful and proper and constituted no obstruction to be enjoined by a court of equity *pendente lite*.

(10) Because it appeared by undisputed proof that such sidetrack had been torn up by the act of plaintiff and the Atlantic Coast Line Railroad Company when the order of injunction was granted.

The obstruction of a public street is a public nuisance and the remedy is by indictment, unless the person instituting proceedings on the civil side of the Court can show special or peculiar damages differing in kind from those to which all others in common with him are exposed. *McMeekin* v. *Power Co.*, 80 S. C. 515. But a municipality, because of its peculiar duties and liabilities in reference to the maintenance of its streets for public use, may bring a civil action to prevent or remove a threatened or continued obstruction constituting a nuisance. *State* v. *Water Power Co.*, 82 S. C. 181, 63 S. E. 884. Waiving the question that the suit by plaintiff was not really in the interest of the public, but was in the interest of the Atlantic Coast Line Railroad Company, for the purpose of enabling it to effect a crossing of the defendant's right of way at Front street, we think the injunction should not have been granted because the *prima facie* showing made was that the sidetrack of the defendant was constructed within the right of way granted by the plaintiff. The existence of any nuisance was so doubtful that the Court should not have disturbed the *status* until the legal rights of the parties had been determined. *Kennerty* v. *Etiwan Phosphate Co.*, 17 S. C. 417.

The order of the Circuit Court is reversed.